William Wilcke, Defendant in Error, v. Charles Henrotin, as Receiver of Chicago Electric Traction Company, Plaintiff in Error.

Gen. No. 14,123.

1. VERDICT—*when not excessive.* Held, that a verdict for $10,000 rendered in an action for personal injuries is not excessive where the injuries consisted in the loss of a leg and a resulting reduction by two-thirds in earning power.

2. STATUTE OF LIMITATIONS—*what not new cause of action.* A new cause of action is not set up by an amendment which consists in changing the description of a defendant from "Charles Henrotin, receiver," to "Charles Henrotin, as receiver of" etc.

3. AMENDMENTS AND JEOFAILS—*when discretion properly exercised.* An amendment which permits a discontinuance as to a corporate defendant joined with its receiver in an action of tort is proper and in furtherance of justice where it is apparent that such corporate defendant could not be charged in the action.

4. TORTS—*liability of tort-feasors.* A cause of action against two or more tort-feasors may be prosecuted against them jointly, or either joint tort-feasor may be sued separately. Each one is liable to the aggrieved party for all damage resulting from the tort chargeable to all.

5. INSTRUCTIONS—*accuracy required where case is close upon the facts.* Where the case upon the facts is close and a verdict either way would be permitted to stand on reviw, the instructions given must satisfy a rule of special accuracy.

6. INSTRUCTIONS—*when upon ordinary care appropriate, notwithstanding issue of intoxication.* Held, that instructions upon this subject containing the following language have no reference to a condition of intoxication, and are proper:

"By ordinary care on the part of plaintiff the law means such a degree of care under the circumstances and in the situation in which the plaintiff was placed, so far as it may be shown from the evidence, as an ordinarily prudent man would exercise under like circumstances and in the same situation;" and "that the degree of care that the plaintiff was required to exercise for his own safety at and before the time of the accident in question, was ordinary care, and if the jury believes from a preponderance of the evidence in this case that the plaintiff, at the time of and before the accident in question, exercised that degree of care for his own safety that an ordinarily prudent person would have exercised under the same circumstances and conditions which the evidence in this case shows surrounded the plaintiff at and before the time of the accident in question, then you should find that the plaintiff at and before the time of the accident in question was in the exercise of ordinary care for his own safety."

7. INSTRUCTIONS—*estoppel to complain of absence of.* A party is estopped to complain of the failure of the trial judge to instruct the jury upon a particular issue if such party has not asked instructions upon such subject.

8. CONTRIBUTORY NEGLIGENCE—*effect of intoxication.* A person may be in the exercise of ordinary care for his own safety notwithstanding he is intoxicated.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

MAYER, MEYER & AUSTRIAN, for plaintiff in error.

WING & WING and FRED W. BENTLEY, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

William Wilcke, the plaintiff, recovered a judgment in the Circuit Court, which was entered on the verdict of a jury against Charles Henrotin as Receiver of the Chicago Electric Traction Company, the defendant, for damages for personal injuries in the sum of ten thousand dollars. The defendant argues as reasons why the judgment should be reversed on this review, that the trial judge committed error in his instructions to the jury as to what constituted ordinary care on the part of plaintiff; in sustaining plaintiff's demurrer to defendant's plea of the statute of limitations to the amended declaration; variance between the averments of the declaration and the proof submitted in support of it; and that the damages awarded are excessive. We will decide these propositions in the reverse order in which they are stated.

As a result of the accident counted on in the declaration, plaintiff lost a leg, which disabled him for life, reducing by two-thirds his capacity to earn money. If entitled to recover at all, we cannot say the verdict is excessive. Defendant has urged no reasons at all in argument in support of this contention. Such failure, we assume, arises because its counsel, like this court, are unable to find anything in the record from which reasons can be logically assigned.

Plaintiff commenced this suit against defendant (who at the time the injuries were received by plaintiff, as well as at the time the suit was commenced, was in the hands of Henrotin as Receiver), "Charles Henrotin, Receiver, and the Chicago Electric Traction Company," and so averred against it in the several counts of the declaration, charging joint ownership and operation, as also joint negligence. Defendant did not file any plea of non-joint liability, but a plea of the

general issue. On August 23, 1906, plaintiff procured leave to and did amend the *praecipe,* summons and additional counts of the declaration by inserting therein Charles Henrotin as Receiver of the Chicago Electric Traction Company in place of Charles Henrotin, Receiver, wherever the same occurred. This left the cause for trial under the additional count against Henrotin, Receiver, etc., and the Traction Company. November 17, 1906, Henrotin as Receiver and the Traction Company filed to the declaration as amended and to the additional counts as amended, several pleas, among which was one of the statute of limitations. To the latter plea plaintiff demurred, and his demurrer was sustained. It is quite clear that the amendment did not state any new cause of action or bring into the cause any new party. At most it was but a better description of the real defendant. Penn. Co. v. Sloan, 125 Ill. 72. Defendant could not have been surprised or taken unawares on account of that ·amendment, nor could the same in the remotest degree affect its proof or defense.

Plaintiff, at the close of the evidence, requested an instruction to direct the jury to find the Chicago Electric Traction Company not guilty, and to amend his declaration by discontinuing as to it, and by charging possession and operation of the road and the negligence averred to Charles Henrotin as Receiver of the Chicago Electric Traction Company and substituting defendant for defendants wherever the latter designation occurred. Defendant's objection to this proceeding was overruled, and we think correctly. The change then made in plaintiff's pleading made it conform to the proofs then in the record. It was all along apparent that there could be no joint liability, for the reason affirmatively appearing in the declaration, that the Traction Company being operated by Henrotin as its Receiver, its corporate function, pending such receivership, was suspended. The merits of the defense therefore were in no wise minimized nor

the rights of defendant affected to its detriment. The true situation was apparent at every step of the proceeding and the amendment allowed was in furtherance of right and justice. Such an amendment is authorized by section 23, chapter 110, R. S., and sections 6 and 7, R. S., being severally known as the Practice Act and the Statutes of Amendment and Jeofails. Thomas v. Fame Ins. Co., 108 Ill. 91.

We are satisfied that the rule announced in Postal Telegraph Company v. Likes, 124 Ill. App. 459, is equally applicable and controlling in this case, where the court say: "It is well settled law that in actions of tort the plaintiff may dismiss his suit as to one of two joint defendants at any time before final judgment. When the suit was dismissed as to the Railway Company, the declaration thereafter stood as if all allegations relating to that company had been stricken out. In other words, so far as concerns appellant such allegations were surplusage. If, disregarding these allegations, enough remained in the declaration to show a cause of action against appellant, and the evidence is not at variance with the declaration as it then legally stood, the point is not well taken." A cause of action against two or more tortfeasors may be prosecuted against them jointly, or either joint tort-feasor may be sued separately. Each one is liable to the aggrieved party for all damage resulting from the tort chargeable to all. So in the case at bar, if two or more were chargeable with the tort alleged and all had been joined in the suit, plaintiff at any time before verdict could have discontinued against all but one and recovered against the one remaining defendant, and such course of proceeding would not necessarily work a variance between the proof and the averments of the declaration. This would follow on the authority of case *supra*, even had plaintiff failed to amend his declaration after discontinuing or moving for leave to amend.

Plaintiff, at the time of meeting with the accident,

compensation for which the jury awarded damages on which the judgment in this case rests, was a passenger standing on the rear platform of an electric car, in the rear seat of which his wife was sitting. The day of the occurrence was Labor day, the annual holiday of the industrial classes. Plaintiff appears from the evidence to have been an ardent observer of the holiday, for the record discloses that he paraded with organized labor in Blue Island at seven in the morning, and that he then proceeded to Chicago, joining and marching in the Chicago parade until nearly one o'clock; then after watching the parade until about two o'clock, he started for Calumet Grove to join a "Labor Day picnic," which he did, and after partaking of its cheer and joining in its festivities until about nine o'clock, he started for home and boarded the car in question at Blue Island. On rounding a sharp curve plaintiff either fell or was thrown from the car and injured. It is contended that at the time plaintiff boarded the car, and when he was injured, he was intoxicated, and there is some evidence in support and more in denial, of such contention. But, however the fact may be, as a fact it was a question for the jury, and this while not being seriously controverted, yet it is insisted that the court erred in its instructions to the jury as to the degree of care which the law required plaintiff to exercise before he was entitled to recover. It may be conceded that the nature of this case made accuracy in the instructions necessary to sustain a verdict for plaintiff. Traction Co. v. Hansen, 125 Ill. App. 153.

The instructions challenged as stating the law inaccurately on the question of plaintiff's care, contain this language: "By ordinary care on the part of plaintiff the law means such a degree of care under the circumstances and in the situation in which the plaintiff was placed, so far as it may be shown from the evidence, as an ordinarily prudent man would exercise under like circumstances and in the same situation;"

and "that the degree of care that the plaintiff was required to exercise for his own safety at and before the time of the accident in question, was ordinary care, and if the jury believe from a preponderance of the evidence in this case that the plaintiff, at the time of and before the accident in question, exercised that degree of care for his own safety that an ordinarily prudent person would have exercised under the same circumstances and conditions which the evidence in this case shows surrounded the plaintiff at and before the time of the accident in question, then you should find that the plaintiff at and before the time of the accident in question was in the exercise of ordinary care for his own safety."

The difficulty with defendant's attitude toward these instructions lies in the assumption that they have reference to the intoxication of plaintiff. We are unable to find any clause or phrase in these instructions which in the remotest degree, or by any fair inference arising from the words used, can be construed to make any reference to the question of the intoxication of plaintiff. These instructions refer to the normal man. An ordinarily prudent man is not one who is intoxicated or so under the influence of intoxicants as to warp his judgment in caring for his own personal safety. The degree of care which an ordinarily prudent person would exercise "under the same circumstances and conditions" environing plaintiff in no sense has reference to a condition of intoxication. The conditions intended, from a reasonable construction of the words used, giving them their ordinary interpretation, it is clear, refers to physical conditions —the car itself, the manner of its propulsion, the position in which plaintiff stood upon the car without challenge, the speed of the car, its jolting or swerving with or without violence sufficient to cause the accident to happen to a prudent person situate just as plaintiff was at the time. If it could be truthfully said that conditions and circumstances referred to in

these instructions had in the slightest degree refer-
ence to the claimed intoxication of plaintiff at the
time, they would then be subject to the criticism made
by defendant's counsel. Even had plaintiff not been
strictly sober, that would not defeat a recovery if,
notwithstanding such want of sobriety, he was still
in the exercise of the ordinary care of a prudent per-
son for his own safety at the time, and defendant was,
on the contrary, guilty of the negligence charged.
Both sides avoided any reference in instructions re-
quested to the charged intoxication of plaintiff. De-
fendant covered every other theory of want of care
inferable from the evidence, but studiously avoided
any reference to the intoxication of plaintiff. The
only instance in which the sobriety of plaintiff is re-
ferred to in the instructions, appears in one given at
the request of defendant, which, after telling the jury
that if they believed plaintiff was not in the exercise of
ordinary care for his own safety, and that such fail-
ure "to so observe ordinary care contributed to the
accident," then it was not necessary for them to de-
termine "whether plaintiff was or was not under the
influence of liquor." If defendant had desired to
have the intoxication phase of the case submitted to
the jury, its counsel should have requested an appro-
priate instruction. This they failed to do. They are
estopped from now complaining of the non-presenta-
tion to the jury of the law concerning the effect on the
right to recover of an intoxicated person. Defendant
had given, on the request of its counsel, an instruction
defining the degree of ordinary care to be exercised
by a plaintiff before he can recover, substantially
along the same lines and of the same legal import and
effect as the instructions tendered by plaintiff, for the
giving of which the judgment is sought to be reversed.
It would seem to us an estoppel to now complain is of
defendant's own making. Had the instructions said
to be erroneous been refused, the same definition of

what is ordinary care in law would have still been before the jury from defendant's own instructions.

Being unable to find reversible error, the judgment of the Circuit Court is affirmed.

*Affirmed.*